Meg K. Allison, Esq. (AK Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Plaintiff
Email: mallison@dlcak.org

# IN THE UNITED STATES DISTRICT COURT

# FOR ALASKA

| | |
|---|---|
| M.H., by his legal guardian, L.P.; ) <br> A.D. by his legal guardian, J.N., and ) <br> S.T. by his legal guardian, A.T., on ) <br> Behalf of themselves and All Others ) <br> Similarly Situated, ) <br>  ) <br>  Plaintiffs, ) <br> v. ) <br>  ) <br> Anchorage School District, ) <br>  ) <br>  Defendant. ) | Amended Complaint <br><br> Class Action <br><br> Case No. 3:06-cv-00138 (TMB) |

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to federal law, 28 U.S.C. § 1331 and 1343.

2. The Court has jurisdiction to issue declaratory relief pursuant to 28 U.S.C. § 2201 and 2202.

3. Plaintiffs are not required to exhaust the administrative procedures set forth in the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., or any other law, because they are challenging a policy and practices of general applicability that are contrary to the IDEA and other federal laws and because the Plaintiffs cannot obtain adequate relief through administrative remedies.

**VENUE**

4. Venue is proper in this Court under 20 U.S.C. § 1391(b) and LR 3.3. Defendant Anchorage School District ("District") is within the District of Alaska and all of the events giving rise to this action occurred in the District of Alaska.

**INTRODUCTION**

5. Plaintiffs are students with identified disabilities or suspected of having disabilities who were subjected to discipline pursuant to the District's "Statement of Rights and Responsibilities, Appendix A, including Appendix A-1" ("District's Disciplinary Policy"). Because the District's Disciplinary Policy is contrary to the requirements of federal law, the Court must enjoin the use of the District's Disciplinary Policy pending its amendment or change.

**PARTIES**

6. The parties are the parents of and students with disabilities who reside within the District and those similarly situated and the District.

7. Named Plaintiff M.H. is fourteen years old (DOB: 11/28/1991), and suffers from traumatic brain injury and related disabilities. M.H. has repeatedly been subject to and adversely affected by the District's Disciplinary Policy during the 2005-2006 school year. M.H. is a student eligible for services pursuant to the IDEA. M.H. is a qualified individual pursuant to Section 504 who is entitled to the benefits of the educational services of the District.

8. Named Plaintiff A.D. is a thirteen-year-old student (DOB: 07/14/92) who was initially identified as learning disabled while residing in Baltimore, Maryland. A.D. has been subject to and adversely affected by the District's Disciplinary Policy during the

2005-2006 school year. A.D. is a student eligible for services pursuant to the IDEA. A.D. is a qualified individual pursuant to Section 504 who is entitled to the benefits of the educational services of the District.

9. Named Plaintiff S.T. is thirteen years old (DOB: 10/13/1993) and suffers from emotional disabilities and attention deficit hyperactivity disorder. S.T. has repeatedly been subject to and adversely affected by the District's Disciplinary Policy during the 2005-2006 school year. S.T. is a student eligible for services pursuant to the IDEA. S.T. is a qualified individual pursuant to Section 504 who is entitled to the benefits of the educational services of the District.

10. Defendant Anchorage School District ("District") is the local educational agency responsible pursuant to the IDEA, 20 U.S.C. 1400, et seq., and 34 C.F.R. 300, and related state laws to ensure the provision of special education services to students eligible for services under the IDEA. The District receives federal funds for the IDEA and other programs and as such is subject to the requirements of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794 and its regulations. Section 504 requires that the District ensure services and Section 504 protections both to students with disabilities who are IDEA eligible and to students who are not eligible for IDEA services but nonetheless have disabilities and live within the District boundaries. The District Board created the District's Disciplinary Policy and District staff carries out the District's Disciplinary Policy.

## CLASS ALLEGATIONS

11. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), Plaintiffs bring this action on their own behalf and on behalf of all persons similarly situation. The

class, which these Plaintiffs represent, is composed of all elementary, middle school, and high school public school students with disabilities who have been subject to disciplinary action by the District or may be subject to disciplinary action by the District. This class is sometimes hereafter referred to as "Plaintiff students" or "Plaintiff children."

12.   The persons in the class are so numerous that joinder of all such persons is impracticable. There are approximately 6868 students with disabilities in the District who have been identified as special education students. Every child who the District knows or should know has a disability is subject to the protections of the IDEA and Section 504 with regard to disciplinary matters.

13.   There are issues of fact and questions of law common to the class. These common factual issues include, but are not limited to, the following:

   a. Defendant's consistent suspension and cessation of educational services to students known by the District and identified as special education students;

   b. Defendant's consistent suspension and cessation of educational services to students known by the District to have a disability, but are not identified as special education students;

   c. Defendant's consistent suspension and cessation of educational services to students the District should know have a disability, but who are not identified as special education students;

   d. Defendant's consistent suspension and cessation of educational services to students known by the District to have a disability, but who are not

identified as Section 504 students;

e. Defendant's consistent suspension and cessation of educational services to students the District should have known have a disability, but who are not identified as Section 504 students;

f. Defendant's failure to have a continuum of special education placements related to the Defendant's Disciplinary Policy;

14. The common questions of law include, but are not limited to, the following:

a. Does Defendant's Discipline Policy violate the IDEA by suspending students with disabilities out of school for more than 10 days per school years without educational services?

b. Does Defendant's Discipline Policy violate Section 504 by suspending students with disabilities out of school for more than 10 days per school years without educational services?

c. Does Defendant's Discipline Policy violate IDEA by allowing for the administrative change of identified special education students' placement following a disciplinary action in a manner contrary to or outside of the IEP process in violation of the protections of the IDEA?

d. Does the Defendant's Discipline Policy violate Section 504 by administratively changing the programs and placements of Section 504 students outside of a legally sufficient 504 process and procedure?

e. Is the Defendant's failure to have a continuum of placement options related to the Defendant's Disciplinary Policy?

# FACTS

15. In May and June of 2005, the District's Board reviewed and passed the District's Disciplinary Policy, including Appendix A-1, which is to address the needs of students with disabilities. Ex. A. The District's Disciplinary Policy on its face does not sufficiently meet the needs of students with disabilities. Specifically, the District's Disciplinary Policy: 1) does not require administrators to initially check if the student has or is suspected of having a disability, as a factor to be considered before imposing discipline (pg. 1); 2) prohibits IEP teams or Section 504 teams from modifying the disciplinary procedures to meet the individual needs of the student with disabilities (pg. 3); does not require IEP teams or Section 504 teams to timely review the behavior of a student with disabilities or suspected of having a disability (pg. 3); does not recognize disability harassment as a form of harassment (pg. 5-6); does not utilize the correct definition of "weapon" for purposes of discipline of students with disabilities (pg. 11); relies upon a reinstatement process that is contrary to the IDEA and Section 504 (pg. 11-12); does not address the interaction of the use of simple discipline or short-term suspensions and the IEP team or Section 504 team process to develop appropriate behavioral programs and rights of appeal (pg. 18-19); fails to provide an appropriate notification of appeal and other rights and services for students facing long-term suspension or expulsion that is consistent with the IDEA and Section 504, including proper hearings and procedures for any changes of placement (pg. 20-23). The Appendix A-1 of the District's Disciplinary Policy: 1) fails to sufficiently provide for students who have disabilities but whom the District has failed to identify as eligible under either IDEA or Section 504; 2) violates the IDEA and Section 504, especially by

failing to prevent cessation of services and administrative placements contrary to the IDEA and Section 504; and 3) is confusing or conflicting when compared to the remainder of the District's Disciplinary Policy.

16. M.H. is an eighth grader at Mears Middle School. M.H. had been on an IEP for a learning disability until the beginning of sixth grade (2004-2005) when he was "exited" from special education, but the school still recognized M.H. would continue to need accommodations since M.H. continued to have disabilities. Throughout the end of seventh grade and the first half of eighth grade M.H. was suspended several times totaling over 10 days. On December 16, 2005, M.H. "smarted off" at his teacher and due to this was suspension and recommended for expulsion. The District's Disciplinary Policy did not protect M.H. since it does not protect unidentified students with disabilities, or students who are clearly entitled to protection pursuant to Section 504. Because he was left unprotected, M.H. was without any educational services from January 3, 2006 to April 24, 2006. M.H.'s mother was unaware that M.H. could be entitled to protections under IDEA or Section 504 when he was repeatedly suspended, recommended for expulsion and left without educational services. An administrative due process hearing was held regarding M.H.'s suspension and recommendation for expulsion. M.H. was found eligible for special education following his request for hearing. The hearing officer ultimately decided the case ruling substantially in favor of the ASD. M.H. has appealed that decision to federal court, Case No. 3:06-cv-00180 (TMB).

17. A.D. is a seventh grader at Benny Benson. Two years ago, A.D. moved to Alaska where he lives with his aunt and uncle who have custody of him. He was

emergency suspended on April 3, 2006 for swearing at a teacher. The suspension is for 45 days. A.D. is presently without any educational services. A recent psychological evaluation documents that A.D. has several disabilities including depression and learning disabilities. An administrative hearing was requested pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1415, for A.D. A.D.'s guardian was unaware that A.D. could be entitled to protections under IDEA or the Section 504, when he was repeatedly suspended and left without educational services. The administrative hearing was settled. A.D. was found eligible for special education services. During the 2006-2007 school year, A.D. has been suspended a total of 7 days under the District's Disciplinary Policy.

18. S.T. is a seventh grader at Hanshew Middle School. S.T., although identified as emotional disabilities and attention deficit hyperactivity disorder and being on an IEP, was suspended on numerous occasions this year from school, causing him to miss approximately 25 full days of school. In early April, 2006, S.T. was suspended and then proposed for expulsion for allegedly taking a toy weapon, with a spring device, from another student at an elementary school. He was immediately suspended for 1 day, then 45 days, for a total of 70 days. S.T.'s IEP team did not meet to discuss this suspension until after it had occurred and S.T. had been administratively placed at Whaley School.

19. Despite the passage of the new District Disciplinary Policy in 2005, vestiges of a prior disciplinary policy still remain in the new policy or in practice, and these, as well as other provisions of the District's Disciplinary Policy violate the IDEA and Section 504. Specifically, the District's Disciplinary Policy allows, or encourages that ASD

students with disabilities be repeatedly suspended, threatened with expulsion and left with no educational services.

20. Even where the District's Disciplinary Policy is legally correct in written form, it is not always implemented in a manner consistent with the District's Disciplinary Policy the IDEA and Section 504 as to students with disabilities.

21. Based on information and belief, the District's data demonstrates for the past several years a clear pattern of disciplining students with disabilities in a manner and process inconsistent with the IDEA and Section 504.

22. Upon information and belief, the District lacks sufficient numbers of classrooms for students with behavioral disabilities within regular education schools. Whaley School is in the District and is a school where District administrators routinely send students with behavioral issues. While attending Whaley School students are subject to restraint, seclusion and locked classrooms.

## CLAIMS

23. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

### I. IDEA

24. The District's Disciplinary Policy violates the Individuals with Disabilities Education Act, 20 U.S.C. 1400, et seq., and the federal regulations and any Alaska statute or regulations enacted to comply with the IDEA, AS 14.30.180-350 and Chapter 4 AAC 52, as contrary thereto and/or that the District's Disciplinary Policy is implemented in a manner inconsistent with the IDEA, 20 U.S.C. 1400, et seq, and the regulations related thereto.

## II. SECTION 504

25.    The District's Disciplinary Policy violates Section 504 of the 1973 Rehabilitation Act, 29 U.S.C. 794, and regulations thereto. Or, in the alternative, that if the policy is written in a manner consistent with Section 504, that the policy is implemented in a manner contrary to Section 504.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request:

A.  The Court take jurisdiction and enjoin the use of the District's Disciplinary Policy as against any students who are identified as having a disability or who have previously been identified as having a disability within the last two years, and

B.  Order the revision of the District's Disciplinary Policy consistent with the IDEA and Section 504.

C.  Correct the disciplinary records of all affected students.

D. Order training in special education and Section 504 with regard to the identification of students with disabilities and the procedural rights of students with disabilities pursuant to the IDEA and Section 504 for all regular education staff, including superintendents, assistant superintendents, principals, vice principals, counselors, and others who have any authority to discipline students.

E.    Enjoin the District from using the District's Disciplinary Policy in a manner inconsistent with the IDEA and Section 504, regardless of what the policy or training requires, and institute monitoring by the Court for a period of not less than 3 years to assure the proper implementation of disciplinary measures to students with disabilities.

F.  Such other relief as is necessary under the circumstances, including where necessary appropriate compensatory services for affected Plaintiffs.

G.  Attorneys fees and costs.

Dated this 25th day of October, 2006.

       /s Meg K. Allison
Meg K. Allison, (AK Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Plaintiff
Email: mallison@dlcak.org

Certificate of service
I hereby certify that on the 25th day of October 2006, a true and correct copy of this document was served via courier and electronically on:

Bradley Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503

/s Meg K. Allison
Meg K. Allison