Meg K. Allison, Esq. (AK Bar No. 0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Plaintiff
Email: mallison@dlcak.org

**IN THE UNITED STATES DISTRICT COURT**
**FOR ALASKA**

| | |
|---|---|
| M.H., by his legal guardian, L.P.;<br><br>Plaintiffs,<br>v.<br><br>Anchorage School District,<br><br>Defendant. | Case No.3:06-cv-138 TMB |

SCHEDULING AND PLANNING
CONFERENCE REPORT

1. **Meeting.**  In accordance with F.R.Civ.P.26(f), a meeting was held

telephonically on February 14, 2007 and was attended by:

| For Plaintiff: | For Defendant: |
|---|---|
| Meg Allison | Bradley Owens |
| Disability Law Center | Jermain, Dunnagan & Owens |

The parties recommend the following:

L.R. 16.3 should apply to this proceeding, as it is an administrative appeal.

2. **Pre-Discovery Disclosures.**  The information required by F.R.Civ.P.26(a)(1):

These procedures do not apply to this matter.

    \_\_\_\_ have been exchanged by the parties

    \_\_\_\_ will be exchanged by the parties by (*insert date*)

Proposed changes to disclosure requirements: (*insert proposed changes, if any*)

Preliminary witness lists:

\_\_\_\_ have been exchanged by the parties

\_\_\_\_ will be exchanged by the parties by

Plaintiff's position: it does not appear any additional evidence will be offered, but any additional evidence must be offered pursuant to 20 USC §1415(i)(2)(B).

Defendant's position: it does not appear any additional evidence will be offered, but any additional evidence must be offered pursuant to 20 USC §1415(i)(2)(B).

3.  **Contested Issues of Fact and Law.**  Preliminary, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

**Plaintiff's position:** (1) Reverse the IHO's determinations that the District did not have a basis of knowledge of M.H.'s disability prior to taking disciplinary action in November and December 2005; (2) Reverse the IHO's determinations that the Assistant Principal with disciplinary responsibility is not a part of the special education referral process or the District's child find system; (3) Reverse the IHO's determination that the District did not fail to provide Section 504 protections and services from November 2003 through March 2006;

**Defendant's position:** (1) The decision by the Hearing Officer was careful and thorough and is entitled to deference; (2) the Hearing Officer decided all issues properly submitted to him based on the preponderance of the evidence and consistent with the applicable requirements of the IDEA and state law.

4.  **Discovery Plan.**  The parties jointly propose to the court the following discovery plan.

The provisions of 20 USC §1415(i)(2) apply to this matter and the parties adopt the procedures under LR 16.3 as may be applicable.  Discovery is not applicable in this appeal.

    A.  Discovery will be needed on the following issues:

    B.  All discovery commenced in time to be completed by (*insert date*) ("discovery close date").

    C.  Limitations on Discovery.

        1.  Interrogatories-

            ____ No change from F.R.Civ.P.33(a)

            ____ Maximum of ____ by each party to any other party.

            ____ Responses due in ____ days.

        2.  Requests for Admissions.

            ____ No change from F.R.Civ.P.36(a).

            ____ Maximum of ____ by each party to any other party.

            ____ Responses due in ____ days.

        3.  Depositions.

            ____ No change from F.R.Civ.P.36(a), (d).

            ____ Maximum of ____ by each party to any other party.

            ____ Responses due in ____ days.

    D.  Reports from retained experts.

See response from 4(a) above.

    ____ Not later than 90 days before the close of discovery subject to F.R.Civ.P.26(a)(2)(C).

    ____ Reports due:

    From plaintiff (*insert date*)   From defendant (*insert date*)

 E. Supplementation of disclosures and discovery responses are to be made:

See response from 4(a) above.

    ____ Periodically at 60-day intervals from the entry of scheduling and planning order.

    ____ As new information is acquired, but not later than 60 days before the close of discovery.

 F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

See response from 4(a) above.

    ____ 45 days prior to the close of discovery

    ____ Not later than (*insert date*)

**5. Pretrial Motions.**

The provisions of 20 USC §1415(i)(2) apply to this matter and the parties adopt the procedures under LR 16.3 as may be applicable.

 ____ No change from D.Ak. LR 16.1(c).

The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

  ____ Motions to amend pleadings or add parties to be filed not later than (*insert date*)

  ____ Motions under the discovery rules must be filed not later than (*insert date*)

_____ Motions in limine and dispositive motions must be filed not later than

(*insert date*)

6. **Other Provisions:**

   A. _X__ The parties do not request a conference with the court before the entry of the scheduling order.

   _____ The parties request a scheduling conference with the court on the following issue(s):

   B.   Alternative Dispute Resolution. [D.Ak. LR 16.2]

   __X__ This matter is not considered a candidate for court-annexed alternative dispute resolution.

   _____ The parties will file a request for alternative dispute resolution not later than

   _____ Mediation    _____ Early Neutral Evaluation

   C.   The parties ____ do ____ not consent to trial before a magistrate judge.

   D.   Compliance with the Disclosure Requirements of F.R.Civ.P.7.1.

   _____ All parties have complied   __X__Compliance not required by any party

7. **Trial.**

The matter before the Court is to be decided on motions and cross-motions submitted by the parties, therefore, no trial date is requested.

   A.   The matter will be ready for trial:

   _____ 45 days after the discovery close date.

   _____ Not later than (*insert date*)

  B.  This matter is expected to take ____ days to try.

  C.  Jury demanded ____ yes ____ no.

    Right to trial disputed? ____ yes ____ no.

Dated: February 22, 2007

            s/ Meg K. Allison
            Meg K. Allison,  Bar No. 0511091
            Disability Law Center of Alaska
            3330 Arctic Blvd, Suite 103
            Anchorage, AK 99503


            /s Bradley Owens (consent)
            Bradley Owens, Bar No. 7610122
            Jermain, Dunnagan & Owens
            3000 A St., Suite 300
            Anchorage, AK 99503
            bradowens@jdolaw.com