Meg K. Allison, (#0511091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Ste. 103
Anchorage, AK  99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Email: mallison@dlcak.org
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| M.H., by his legal guardian, L.P.;  )<br>A.D. by his legal guardian, J.N.,  and  )<br>S.T. by his legal guardian, A.T., on  )<br>Behalf of themselves and All Others  )<br>Similarly Situated,  )<br>  )<br>           Plaintiffs,  )<br>v.  )<br>  )<br>Anchorage School District,  )<br>  )<br>           Defendant.  )  | Case No. 3:06-cv-00138 |

**SCHEDULING AND PLANNING
CONFERENCE REPORT**

1. **Meeting**.

   In accordance with Fed. R. Civ. P. 26(f), a meeting was held on June 14, 2007 and was attended telephonically by:

   Meg Allison attorney for plaintiffs M.H. et al.
   Brad Owens attorney for defendant Anchorage School District.

   The parties recommend the following:

2. **Pre-Discovery Disclosures**.

   The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by the parties by August 17, 2007.

   The parties will exchange preliminary witness lists by October 1, 2007.

3. **Contested Issues of Fact and Law**.

    Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

    **Plaintiffs' Position:** Did the Anchorage School District's ('ASD") discipline policy and its implementation during the 2005-2006 and 2006-2007 school years violate the Individuals with Disabilities Education Act, Section 504 and Alaska state special education law?

    **Defendant's Position:** Have plaintiffs properly exhausted their administrative remedies? Do plaintiffs have standing to bring this action? Are the claims of some of the named plaintiffs moot? Do the discipline policies violate any law? Was the discipline policy implemented in any unlawful manner? Are the claims in this lawsuit appropriate for class certification? Do the plaintiffs meet the criteria for class certification?

4. **Discovery Plan**.

    The parties jointly propose to the court the following discovery plan.

    A. Discovery will be needed on the following issues:

    **Plaintiffs' Position:** The number of students subject to the ASD's discipline policy during the 2005-2006 and 2006-2007 school years and any and all information regarding the implementation of the ASD's discipline policy.

    **Defendant's Position:** On each contested issue of law or fact identified above.

    B. Disclosure or discovery of electronically stored information should be handled as follows:

    The parties agree to preserve and disclose any electronically stored information or data relevant to the claims in this action that is reasonably accessible. Such data or information will be described by type, category and location and disclosed or produced in its native format.

    C. The parties have agreed to an order regarding claims of privilege or of protection as trial preparation material asserted after production as follows:
As provided under Rule 26 FRCP.

    D. All discovery commenced in time to be completed by December 3, 2007 ("discovery close date").

    E. Limitations on Discovery.

        1. Interrogatories

    No change from Fed .R. Civ. P. 33(a).

    2. Requests for Admissions.
    No change from Fed. R. Civ. P. 36(a).

    3. Depositions.
    No change from Fed. R. Civ. P. 36(a), (d).

    F. Reports from retained experts.

Not later than 90 days before the close of discovery subject to Fed. R. Civ. P. 26(a)(2)(C).

G. Supplementation of disclosures and discovery responses are to be made: Periodically at 60-day intervals from the entry of scheduling and planning order.

As new information is acquired, but not later than 60 days before the close of discovery.

H. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due: 45 days prior to the close of discovery.

5. **Pretrial Motions**.

    The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

    Motions under the discovery rules must be filed not later than sixty (60) days before the close of discovery.

    Motions in limine and dispositive motions must be filed not later than December 15, 2007.

6. **Other Provisions**:

    A. The parties do not request a conference with the court before the entry of the scheduling order.

    B. Alternative Dispute Resolution. [D.Ak. LR 16.2]

    The parties will file a request for alternative dispute resolution not later than December 1, 2007.

    Mediation Early Neutral Evaluation

    C. The parties do not consent to trial before a magistrate judge.

    D. Compliance with the Disclosure Requirements of Fed. R. Civ. P. 7.1.

All parties have complied Compliance not required by any party

7. **Trial**.

    A. The matter will be ready for trial:
    45 days after the discovery close date.

    B. This matter is expected to take 10 days to try.

    C. Jury Demanded No
    Right to jury trial disputed? No

Dated: June 19, 2007

        _s/ Meg K. Allison_____
        Meg K. Allison, (#0511091)
        DISABILITY LAW CENTER OF ALASKA
        3330 Arctic Blvd., Ste. 103
        Anchorage, AK   99503
        Telephone: (907) 565-1002
        Fax: (907) 565-1000
        Email: mallison@dlcak.org
        Attorney for Plaintiffs


        _s/ Bradley D. Owens (consent)_____
        Bradley D. Owens (#7610122)
        Jermain, Dunnagan & Owens
        3000 A Street, Suite 300
        Anchorage, AK 99503
        Telephone: (907) 563-8844
        Fax: (907) 563-7322
        Email: bradowens@jdolaw.com
        Attorney for Defendant