Meg K. Allison (AK Bar No. 0511091)
Jacob Kammermeyer, Esq. (AK Bar No. 0506043)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Plaintiffs
Email: mallison@dlcak.org
          jakekammermeyer@yahoo.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| M.H., by his legal guardian, L.P.; ) <br> A.D. by his legal guardian, J.N.,  and ) <br> S.T. by his legal guardian, A.T., on ) <br> Behalf of themselves and All Others ) <br> Similarly Situated, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> Anchorage School District, ) <br> ) <br> Defendant. ) | Case No. 3:06-cv-00138 |

_____

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY**

Plaintiffs M.H., by his legal guardian, L.P., A.D., by his legal guardian, J.N., and S.T., by his legal guardian, A.T., on behalf of themselves and all others similarly situated ("Plaintiffs"), by and through their attorneys at the Disability Law Center of Alaska ("DLC"), move the Court pursuant to Fed. R. Civ. Pro. 37(a)(3)(B) for an Order directing Defendant Anchorage School District ("ASD") to respond fully and completely to Plaintiffs' Second Set of Discovery Requests to Defendant ("Second Request") and Plaintiffs' Third Set of Discovery Requests to Defendant ("Third Request") (collectively

*M.H. et al. v. Anchorage School District*                                                                           Page 1 of 8
Memorandum in Support of Motion to Compel
3:06-cv-00138 (TMB)

"Second and Third Request"). This motion is supported by the Affidavit of Meg K. Allison ("Allison Affidavit") and the Good Faith Certificate filed herewith, and the files and records contained herein. Furthermore, the undersigned counsel certifies that she has conferred with the attorney for ASD, Bradley D. Owens, in an effort to secure full and complete answers to Plaintiffs' Second and Third Requests, and that those efforts have not been successful.

## FACTS

On January 30, 2008, Defendant Anchorage School District ("ASD") served its responses to Plaintiffs' Second and Third Request. ASD objected to and refused to answer any of Plaintiffs' requests, responding to each individually as follows: "This request is overly broad, unduly burdensome, and is neither relevant to the claims asserted by the individual plaintiffs, nor does it appear reasonably calculated to result in the discovery of admissible evidence concerning those claims." Affidavit of Meg K. Allison ("Allison Affidavit"), ¶ 2, Exs. A and B. On February 4, 2008, Plaintiffs requested that ASD provide grounds for its objections beyond the generic and uninformative response of January 30. *Id.* ¶ 3, Ex. C. ASD responded on February 4, 2008 by stating that Plaintiffs' discovery requests were not relevant in that they were directed toward class issues and claims and that ASD's pending Motion to Dismiss justified delaying compliance with Plaintiff's discovery requests. *Id.* ¶ 4.

On February 12, 2008, Plaintiffs and ASD met pursuant to Local Rule 37.1 in an effort to resolve the discovery dispute. *Id.* ¶ 5. Over the course of the meeting, ASD agreed to provide the named plaintiffs' educational records in response to Plaintiffs' Discovery Request 1 in Plaintiffs' Second Request, but reiterated its stated objections to

*M.H. et al. v. Anchorage School District*                                              Page 2 of 8
Memorandum in Support of Motion to Compel
3:06-cv-00138 (TMB)

all other outstanding discovery requests. *Id.* ¶ 5. On February 22, 2008, ASD provided educational records for named plaintiffs M.H. and S.T. As of February 25, 2008, Plaintiffs' have not received a response to Discovery Request 1 with respect to named plaintiff A.D. as promised. *Id.* ¶ 6.

**ARGUMENT**

ASD's generic objections and subsequent explanation do not present legitimate grounds for refusing to produce discovery. As an initial matter, Local Rule 26.1 requires that any party objecting to a discovery request "clearly and distinctly set forth the nature of the objection and the grounds upon which the objection is based." D. Alaska L. R. (Civil) 26.1. ASD's objections set forth the nature of its objections in broad strokes, but fail to state the grounds upon which those objections are based. Furthermore, ASD's follow up explanation is not itself a valid ground for refusing to comply with a discovery request. Courts have long recognized discovery requests directed towards class certification. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975) ("The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses."); *see also Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001) ("The district court may permit discovery to determine whether class certification is appropriate.").

Plaintiffs now seek an order of this Court directing ASD to answer Plaintiffs' Second and Third Requests fully and completely. Such an order is appropriate for the following reasons: (1) ASD has failed to provide any grounds to support its refusal to provide information in electronic format as requested in Plaintiffs Third Request; (2)

*M.H. et al. v. Anchorage School District*                                                                 Page 3 of 8
Memorandum in Support of Motion to Compel
3:06-cv-00138 (TMB)

ASD has failed to provide any grounds to support its failure to provide named plaintiff A.D.'s educational records as requested in Plaintiffs' Second Request; (3) ASD has failed to provide any grounds to support its refusal to answer ASD's remaining requests in Plaintiffs' Second Request; and (4) ASD has not requested nor received a stay of discovery pending resolution of its Motion to Dismiss.

### I.   ASD has offered no valid objections to Plaintiffs' request for production in electronic format.

The three requests for production in Plaintiffs' Third Request all requested electronic format copies of information provided in hardcopy in response to earlier discovery requests. Allison Affidavit, Ex. B. ASD's objections that the requests are overly broad, non-relevant, nor reasonably calculated to result in admissible evidence are patently unreasonable where ASD has already produced the information in another format, albeit a format that does not lend itself to the depth of research necessary for class certification. To the extent ASD relies on its objection that the request is unduly burdensome, ASD has failed to state the grounds upon which this objection is based nor even identified whether its objections concern the electronic format or the requests themselves. Where a party objects to the form of an electronic request, the Rules do not allow that party to simply refuse to respond; rather, "If the responding party objects to a requested form . . . the party must state the form or forms it intends to use." Fed. R. Civ. P. 34(b)(2)(D). ASD has failed to comply with Plaintiffs' Third Request and offered no valid objections, despite Plaintiffs continuing efforts to secure production without judicial intervention. An order compelling performance is accordingly proper.

*M.H. et al. v. Anchorage School District*  Page 4 of 8
Memorandum in Support of Motion to Compel
3:06-cv-00138 (TMB)

> II. **ASD has offered no valid objections to Plaintiffs request for named plaintiff A.D.'s educational records.**

Discovery Request 1 from Plaintiffs' Second Request asks ASD to produce any and all educational records for the named plaintiffs that were not provided in ASD's initial disclosures. Allison Affidavit, Ex. A at 2. During the Local Rule 37.1 conference, ASD agreed to comply with Plaintiffs' request. *Id.* ¶ 5. On February 22, 2008, ASD produced educational records for named plaintiffs M.H. and S.T. However, ASD has neither provided the requested records for named plaintiff A.D. nor offered an explanation for further delay. *Id.* ¶ 6. A.D.'s educational records bear directly on ASD disciplinary action under ASD's disciplinary policy. ASD has objected to this request, in the same manner it has to all of others, by offering a broad generic objection and an explanation that discovery requests directed towards class issues and claims are not relevant. This rationale is nonsensical where the request is expressly and directly related to the named plaintiffs. ASD has offered no further explanation as to how the request is otherwise overly broad, unduly burdensome, or irrelevant. Notwithstanding ASD's promise otherwise, ASD has failed to provide A.D.'s educational records despite Plaintiffs' continuing efforts to secure production without judicial intervention. An order compelling performance is accordingly proper.

> III. **ASD has offered no valid objections to Plaintiffs' request for discovery related to class certification.**

Plaintiffs carry the burden of establishing commonality and typicality of class members in order to certify a class in this matter. Fed. R. Civ. P. 23(a). Discovery is often necessary prior to filing a class certification motion. *California City Development Co.*, 509 F.2d at 210 ("The propriety of a class action cannot be determined in some cases

*M.H. et al. v. Anchorage School District*  Page 5 of 8
Memorandum in Support of Motion to Compel
3:06-cv-00138 (TMB)

without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses."); *see also Davis*, 275 at 849, 871 n.28 ("The district court may permit discovery to determine whether class certification is appropriate."). Plaintiffs' discovery requests in their Second Request, beyond Discovery Request 1 discussed above, all go to the elements Plaintiffs must show to establish a class. Plaintiffs have alleged common factual issues, including ASD's consistent suspension and cessation of educational services to students with known disabilities. Docket No. 7, pg. 4, ¶ 13. Plaintiffs' discovery requests seek production of: ASD disciplinary procedural guidance (Allison Affidavit, Ex. A at 2); school wide discipline plans (Allison Affidavit, Ex. A at 3-4); documents related to and description of disciplinary programs (Allison Affidavit, Ex. A at 3, 7 & 11); description of systems designed to assure compliance with procedures (Allison Affidavit, Ex. A at 4 & 9-10); examples of record keeping used to identify special education students (Allison Affidavit, Ex. A at 4-8); documentation related to the suspension of Section 504 students (Allison Affidavit, Ex. A at 9-10). All of these requests are relevant to establishing common disciplinary procedures applicable district wide.

ASD's contention that the requested discovery is not relevant because it is directed towards class claims fails to recognize valid questions of class certification. Nor has ASD provided any other rationale for its objections beyond its generalized objections to all outstanding discovery requests. ASD has failed to comply with Plaintiffs' Second Request despite Plaintiffs continuing efforts to secure production without judicial intervention. An order compelling performance is accordingly proper.

*M.H. et al. v. Anchorage School District*  Page 6 of 8
Memorandum in Support of Motion to Compel
3:06-cv-00138 (TMB)

### IV. ASD's pending Motion to Dismiss does not stay discovery or justify further delay in the scheduled discovery.

ASD has not requested and this Court has not granted a stay of discovery pending resolution of ASD's Motion to Dismiss. *See e.g. Branch v. Tunnell*, 937 F.2d 1382, 1384 (9th Cir. 1991) (providing example of party requesting stay of discovery pending resolution of motion). Federal Rule of Civil Procedure 26(b) provides that "[u]nless otherwise limited by court order . . . Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." F.R.C.P. 26(b). ASD has suggested that withholding discovery is appropriate pending resolution of its Motion to Dismiss. Allison Affidavit ¶ 4. However, absent a court order providing otherwise, Plaintiffs are due discovery as provided under the Rules.

### CONCLUSION

For the foregoing reasons, this Court should order ASD to answer Plaintiffs' Second and Third Requests to Defendant fully and completely.

Dated this 26th day of February 2008.

                                            _/s/ Meg K. Allison_____
                                            Meg K. Allison (AK Bar No. 0511091)
                                            Jacob Kammermeyer, Esq. (AK Bar No. 0506043)
                                            DISABILITY LAW CENTER OF ALASKA
                                            3330 Arctic Blvd., Suite 103
                                            Anchorage, AK   99503
                                            Telephone: (907) 565-1002
                                            Fax: (907) 565-1000
                                            Attorney for Plaintiffs
                                            Email: mallison@dlcak.org
                                                         jakekammermeyer@yahoo.com

*M.H. et al. v. Anchorage School District*                                                            Page 7 of 8
Memorandum in Support of Motion to Compel
3:06-cv-00138 (TMB)

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2008
A copy of the foregoing document was served
Electronically via ECF on:

Brad Owens
bradowens@jdolaw.com

 _/s/ Meg K. Allison_____
Meg K. Allison

*M.H. et al. v. Anchorage School District*                                                                 Page 8 of 8
Memorandum in Support of Motion to Compel
3:06-cv-00138 (TMB)