

February 5, 2008

Brad Owens                                                                      Via Facsimile
Cheryl Mandala
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK 99503

Re: *M.H. et al. v. Anchorage School District*, 3:06-cv-00138(TMB)

Dear Brad and Cheryl:

I have reviewed Brad's email dated February 4, 2008. Based on the response provided, I will take this opportunity to respond to each of the District's objections and the rationale for the objections provided by Brad in his email. Hopefully, with this clarification, the District will reconsider its position on some if not all of the pending discovery requests. In addition, the foregoing should provide you with some more information for when we confer pursuant to Local Rule 37.1.

First, with respect to plaintiffs' third discovery request, this information was already produced. Plaintiffs are simply requesting the information in an electronic format consistent with Federal Rule of Civil Procedure 34. This information relates directly to class certification. To now object that the requests are overbroad, not relevant or burdensome when the requested information has already been produced in another format is unreasonable. Moreover, to the extent the District is claiming that production of the electronic information is burdensome, it must state with respect to each item or category the reasons for the objection. The objections presently supplied by the District do not indicate whether they concern the format the information is requested in or the requests themselves.

Turning to plaintiffs' second discovery requests, the District's objection to the request for the named plaintiffs' educational records not provided in its initial disclosures from the 2005-2006 school year through present does not comport with the rationale provided that our discovery requests do not involve information about the individual plaintiffs. This request only involves the named plaintiffs and is highly relevant as they are the proposed class representatives. Moreover, we do not see how this request is burdensome or overly broad, and the District has not provided any rationale for its objection beyond the generalized objections to all outstanding discovery requests.

ANCHORAGE
3330 Arctic Boulevard
Suite 103
Anchorage, AK 99503
(907) 565-1002
FAX (907) 565-1000
1-800-478-1234
www.dlcak.org

MEMBER OF THE
NATIONAL
DISABILITY
RIGHTS
NETWORK



The remaining requests in the second requests presently propounded to the District involve not only class wide issues as the District asserts, but also go the elements plaintiffs must show in a Rule 23 motion for class certification – i.e. typicality, commonality, etc. Since the District has referenced and produced particular documents, policies and procedures, which may or may not have been used in conjunction with the named plaintiffs, these requests are highly relevant not only to general issues of liability, but also to issues of class certification. Additionally, given that the District has already produced samples of several of these documents or answered in its interrogatories that the requested types of information were maintained, we do not see how these requests are overly broad or burdensome.

Given the extensive nature of discovery in this matter and the voluminous materials supplied by the District, it is only to be expected that the plaintiffs would have follow up requests for information and documents, which is precisely the nature of the plaintiffs' second and third discovery requests.

In response to the District's contention that the plaintiffs must file their Rule 23 motion as soon as practicable, we believe that plaintiffs are engaged in relevant discovery that is needed to file that motion. Also, plaintiffs have been diligent in reviewing the discovery responses provided by the District and following up with additional requests for information based on the District's responses in a timely fashion. To the extent there has been any delay, it has been because we have granted the District's requests for additional time to respond our discovery requests.

While the District has complied with some of our discovery requests, it is now deciding that the plaintiffs have enough information and therefore does not want to provide anything further. In addition, the District still has not provided particularized objections, but has stated simply that plaintiffs have enough. But, as plaintiffs carry the burden for the Rule 23 motion, plaintiffs are allowed to conduct discovery necessary to prove the class allegations. As stated above, we believe the outstanding discovery requests go to the elements of a motion for class certification.

Finally, with respect to your contention that if the individual named plaintiffs' claims do not survive that we will be unable to proceed with this matter, we disagree. Leave to substitute named plaintiffs is often given if the court rules that one of the named plaintiffs is unable to proceed, which we believe is highly unlikely. Therefore, relying solely on the District's motion to dismiss the individual plaintiffs is not a sufficient reason to delay or stop all discovery in this matter.

Also with regard to discovery concerns, but not addressed in your email, is the outstanding issue of the redacted teacher's names we requested the District provide. To date, we still have not received any response to our January 11, 2008 letter. We would appreciate this information as soon as possible.

Again, we request that the District provide particular objections to each discovery request. We fail to see how the same objections for all outstanding discovery requests, even given the generalized rationale in Brad's recent email, comply with the local rules. If the District is unable to provide further explanation, we believe that meeting pursuant to the local rule will not be productive, but are willing to conduct a teleconference as soon as possible to see if the parties are able to settle this dispute. Please notify me if either of you will be available any time from now through Monday, February 11, 2008 via telephone so that we may confer. I have been called out of town unexpectedly and will not be available to meet in person. However, we do not want to delay in conferring pursuant to the local rule so that we may seek intervention from the court as soon as possible so as to not delay the proceedings in this matter any further.

Sincerely,

Meg K. Allison

```
02/05/2008 TUE 15:52    FAX 907 565 1000         DLC                    ☑001
```

```
********************
*** FAX TX REPORT ***
********************

TRANSMISSION OK

JOB NO.                 2040
DESTINATION ADDRESS     5637322
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME                02/05 15:49
USAGE T                 02'14
PGS.                    4
RESULT                  OK
```



# Facsimile Cover Sheet

**ANCHORAGE**
3330 Arctic Boulevard
Suite 103
Anchorage, AK 99503
(907) 565-1002
FAX (907) 565-1000
1-800-478-1234
www.dlcak.org

**To:** Brad Owens
Cheryl Mandala
**Company:** Jermain, Dunnagan & Owens
**Phone:**
**Fax:** 563-7322

**From:** Meg Allison
**Company:** Disability Law Center
**Phone:** (907) 565-1002
**Fax:** (907) 565-1000

**Date:** 02/04/2008
**Pages including this cover page:** 4

## CONFIDENTIAL

This facsimile contains confidential information. This FAX is to be reviewed initially by only the individual or entity to whom it is addressed. If the reader of this Transmittal page is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this FAX, or the information contained herein, is prohibited. If you have received this FAX in error, please call us (collect) immediately at 907-565-1002, and return this FAX by mail to Disability Law Center of Alaska, 3330 Arctic Blvd., Ste. 103, Anchorage, Alaska 99503. Thank you.

**Comments:**