Bradley D. Owens, Esq.
Jermain Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
bradowens@jdolaw.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR ALASKA

| | |
|---|---|
| M.H., by his legal guardian, L.P.; A.D. by his legal Guardian, J.N., and S.T. by his legal guardian, A.T., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Anchorage School District,<br><br>Defendant. | Case No. 3:06-cv-00138 (TMB) |

**OPPOSITION TO MOTION TO COMPEL [Docket 40]**

## I. INTRODUCTION

The Anchorage School District ("District") respectfully requests that the Court deny Plaintiffs' motion to compel. Plaintiffs' discovery requests and this motion are merely an effort to delay a class certification determination and cloud the issues of the District's pending Motion to Dismiss. Plaintiffs are required to show that their "class" discovery requests inquire into the issues relevant to class certification. Plaintiffs have made no real attempt to do so. Instead, the requests inquire into issues relevant only to

the <u>merits</u> of the unnamed Plaintiffs' claims. In the absence of a class decision, this strategy causes unnecessary delay, expense and burden for all involved.

Plaintiffs already have received volumes of documents and materials through discovery. The District already has produced over 8,300 pages of documents in this case, costing the District thousands of dollars. This is enough. The Court should not grant the Plaintiffs additional discovery until Plaintiffs either (1) show why additional discovery will directly aid the class certification determination,[1] or (2) the Court decides the class certification issue. The District respectfully requests that the Court deny Plaintiffs' discovery requests and this motion in the absence of either of these two events.

## II. ARGUMENT

### A. The District Has Already Produced All of A.D.'s Records.

During the Rule 37.1 conference, the District agreed to provide all of A.D.'s educational records that had not already been produced. A search of the District's records revealed that it has already produced all of A.D.'s educational records that it knows to exist. [Fraczek Declaration, ¶6, attached as Ex. 1.] There are no documents or records left to produce pursuant to this request.

### B. Plaintiffs' Pre-Certification Discovery Requests are Inappropriate.

The Plaintiffs' pre-certification discovery requests into the merits of the putative class members claims are inappropriate and without legal basis. [Memorandum, pp. 4-6] Plaintiffs bear the burden of showing that additional discovery is necessary to flesh out

---

[1] Having failed to make an adequate showing in their initial motion that these discovery requests properly concern issues relevant to class certification, it would be inappropriate for plaintiffs to do so in their reply, since the District would have no opportunity to respond.

*M.H., et al. v. Anchorage School District*, Case No. 3:06-cv-00138 (TMB)
Opposition to Motion to Compel [Docket 40]   Page 2 of 11

class certification issues, rather than the merits of the unnamed class members' claims. Plaintiffs have not even attempted to meet this burden in their discovery requests or this motion.

### 1. Plaintiffs Bear the Burden of Showing That Additional Pre-certification Class Discovery Is Necessary For Certification.

Plaintiffs have the burden of showing that their pre-certification discovery into the claims of the putative class members is sufficiently related to class certification to justify the necessary time and expense. The Ninth Circuit has explained that:

> Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, <u>the plaintiff bears the burden of advancing a prima facie showing</u> that the class action requirements of Fed.R. Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.[2]

"Requests for discovery which would result in disproportionate financial expenditures by the defendants, or which are so broad that their relation to class issues becomes uncertain, will not be granted."[3] Thus, the question for the Court is whether the Plaintiffs have shown that the additional discovery they have requested will substantiate their class allegations.

This general principle is applied specifically in two very important ways. First, there is a fundamental difference between discovery related to class issues and discovery into the merits of the putative class members' claims. The former is frequently granted prior to class certification, while the latter is routinely not. Second, Plaintiffs have the

---

[2] *Mantolete v. Bolger*, 767 F.2d 1416, 1424-1425 (9th Cir. 1985) (emphasis added).
[3] Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 7:8 (4th ed. 2002).

burden of showing that their discovery requests are <u>directly related</u> to class certification. These issues will be dealt with in turn.

### i. Discovery Into the Merits of the Unnamed Class Members' Claims Is Not "Class Discovery."

There is a fundamental difference between class discovery and discovery relating to the merits of unnamed class members' claims. As the *Manual for Complex Litigation, Fourth*, explains:

> Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary. Courts often bifurcate discovery between certification issues and those related to the merits of the allegations. Generally, discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof; discovery into the merits pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed.[4]

These distinctions between merits/class discovery should not be made arbitrarily.[5] But, these distinctions operate on a practical level to prevent the defendant from having to shoulder the expensive burden of producing large quantities of information that may never actually be relevant. "To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow class-wide discovery on the certification issue and postpone class-wide discovery on the merits."[6]

Moreover, the nature of the claims asserted bears review:

> Allowing some merits discovery during the precertification period is generally more appropriate for cases that are large and likely to continue

---

[4] Federal Judicial Center, *Manual for Complex Litigation, Fourth* § 21.14 (2004).

[5] *Id.*

[6] *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-1571 (11th Cir. 1992).

even if not certified. On the other hand, in cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden.[7]

This case and Plaintiffs' discovery requests implicate the second type of case. Not satisfied with the thousands of pages of discovery that have already been produced, Plaintiffs have requested what will surely be additional thousands of pages of documents. In addition, Plaintiffs have requested that the District organize and annotate these documents. [*See* Plaintiffs' Ex. A, ¶¶ 2, 6, 8, 11] these requests could take hundreds of hours to prepare and go almost exclusively to the merits of the case.

The Fifth Circuit faced a similar issue in the case of *Stewart v. Winter*.[8] In that case, the court rejected the Plaintiffs contention that they should have been granted broad discovery into the circumstances of individual class members. The court explained that:

> There were potentially millions of pages of documents within the scope of plaintiffs' ... document request, which asks for documents relating to every aspect of life in the jails of Mississippi's 82 counties. <u>While much of this material may have been relevant to the merits of the class claims, very little of it could have been "necessary or helpful" to determining the threshold issues posed by Rule 23(a) and (b)</u>. Enforcing plaintiffs' sweeping request would have imposed on defendants one of the major burdens of defending this omnibus class action prior to any determination that the action was maintainable as such.[9]

Instead of addressing this distinction, the Plaintiffs simply presume they are entitled to any discovery that is possibly relevant to any class member. They offer only the conclusory statement that the discovery is relevant to class certification, instead of

---

[7]   *Id.*

[8]   *Stewart v. Winter*, 669 F.2d 328, 331-332 (5th Cir. 1982).

[9]   *Id.* at 331-332.

*M.H., et al. v. Anchorage School District*, Case No. 3:06-cv-00138 (TMB)
Opposition to Motion to Compel [Docket 40]                    Page 5 of 11

offering any actual analysis. [Memorandum, p. 6] As will be shown in the next section, Plaintiffs are required to show more in order to prove that they are entitled to the "class" discovery.

      ii.    <u>Plaintiffs Bear the Burden of Showing that Their Pre-Certification Class Discovery is Related to the Class Determination Itself.</u>

It is generally recognized that it is the class proponent's burden to show that class discovery is necessary and helpful to the class determination itself. Plaintiffs have not even attempted to meet their burden of showing that their requested discovery is relevant to the class determination. This failure is fatal to this Motion to Compel. Within the Ninth Circuit, Plaintiffs bear the burden of showing that class discovery is appropriate.

> Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, <u>the plaintiff bears the burden</u> of advancing a prima facie showing that the class action requirements of Fed.R. Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.[10]

Class discovery works this way for a very good reason: "Discovery should not impose on the defendant one of the major burdens of defending a class action prior to any determination that the action is maintainable as such."[11] Essentially, the Plaintiffs must show that their discovery requests are likely to produce the evidence necessary to obtain class certification.

The Court need look no farther than the Plaintiffs' own cited cases to see what the law requires the Plaintiffs to show in order to meet this burden. *Kamm v. California City*

---

[10]    *Mantolete v. Bolger*, 767 F.2d 1416, 1424-1425 (9th Cir. 1985) (emphasis added).

[11]    Am.Jur.2d Federal Courts § 1584.

*Development Co.*, a case quoted by Plaintiffs, [Memorandum, pp. 5-6] explains the relevant standard:

> Whether or not discovery will be permitted in a case of this nature lies within the sound discretion of the trial court. Rule 23(c)(1) provides that "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." <u>In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination.</u>[12]

Or, as the leading class action treatise has summarized the general rule: "[r]equests for discovery which would result in disproportionate financial expenditures by the defendants, or which are so broad that their relation to class issues becomes uncertain, will not be granted."[13]

The Plaintiffs bore the burden of showing that the pre-certification class discovery was reasonably necessary to the class determination itself. In deciding whether Plaintiffs met this burden, the Court should consider (1) the need for the discovery, (2) the time required to produce the information, and (3) whether it is probable that the discovery would resolve an issue necessary for class certification. As the next section will explain, Plaintiffs have failed to meet this burden – moreover, they cannot meet this burden.

### 2. Plaintiffs Failed To Meet Their Burden of Showing that Pre-Certification Class Discovery Is Necessary.

Plaintiffs' motion fails to provide any basis for the Court to decide whether their discovery requests related to the unnamed class members are necessary for the class

---

[12] *Kamm v. California City Development Co.*, 509 F.2d 205, 209-210 (9th Cir. 1975) (citations omitted) (emphasis added).

[13] Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 7:8 (4th ed. 2002).

certification decision. Plaintiffs' Motion to Compel should be denied on that basis, since they have the burden to show that it was relevant to their class claims. While it would be improper, as discussed above, the District expects the Plaintiffs will now make some belated attempt to carry their burden in their reply, and offers the following points of information and analysis.

Plaintiffs Do Not Need More Discovery. Plaintiffs' discovery requests are a holding action rather than necessary for class certification. Plaintiffs already possess more than 8,000 pages of documents that the District has already produced. The fact that they consistently ask for the District to indicate by bates stamp where certain materials are identified likely indicates that Plaintiffs may have not read the materials. [*See* Plaintiffs' Ex. A, ¶¶ 2-4, 7] Nothing in their motion ties their new, additional discovery directly to any matter or element they need to establish for class determination. Nothing in their motion explains why the previous 8,000 pages of discovery are not sufficient to meet this task.

Instead, they simply offer the vague inference that if they just get a few thousand additional pages of documents, then they will somehow be able to establish commonality and typicality. [Memorandum, p. 6] Whether or not this is correct is not the issue – the issue is whether plaintiffs have met their burden. The District will not guess at Plaintiff's intentions, but the reality is that their requests go directly to the merits of the class members' claims. Their requests should accordingly be denied. "While much of this

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

material may [be] relevant to the merits of the class claims, very little of it could [be] 'necessary or helpful' to determining the threshold issues posed by Rule 23(a) and (b)."[14]

Complying With the Discovery Requests Will Be Very Time Consuming and Expensive. The District estimates that it would be costly and time-consuming to comply with Plaintiffs' discovery requests. [Fraczek Declaration, ¶ 5] This process is made even more onerous by the fact that Plaintiffs seem to expect the District to annotate the discovery for them. [*See* Plaintiffs' Ex. A, ¶¶ 2, 6, 8, 11] Plaintiffs have made no move to certify the class and have made no showing of why these discovery requests are necessary for the certification decision. In the absence of class certification, these costs are too high to impose. Granting the Plaintiffs' motion would impose "one of the major burdens of defending this omnibus class action prior to any determination that the action was maintainable as such."[15]

Plaintiffs Have Made No Showing that Granting Their Class Discovery Will Resolve Any Certification Issue. Plaintiffs have made no real attempt to carry their "burden of advancing a prima facie showing that the class action requirements of Fed.R. Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations."[16] Instead, they simply list two requirements of class certification, namely commonality and typicality, and insist <u>without analysis</u> that their requests will aid a finding of those two elements. This is insufficient to sustain their burden. Most class

---

[14] *Stewart v. Winter*, 669 F.2d 328, 331-332 (5th Cir. 1982).

[15] *Id.*

[16] *Mantolete v. Bolger*, 767 F.2d 1416, 1424-1425 (9th Cir. 1985) (emphasis added).

*M.H., et al. v. Anchorage School District*, Case No. 3:06-cv-00138 (TMB)
Opposition to Motion to Compel [Docket 40]    Page 9 of 11

certification decisions are made on the pleadings and affidavits.[17] Plaintiffs needed to explain why their new discovery requests are likely to produce substantiation of their class allegations when the previous 8,300 pages did not. However, they have failed to do so.

Plaintiffs' complete failure to carry their burden and explain how their new discovery requests relate to the actual class allegations may reflect the Plaintiffs are unfamiliar with the Ninth Circuit's standards, or the Plaintiffs are attempting to get discovery to which they are not entitled. Whatever the case, Plaintiffs' discovery requests are improper. The Court should deny their motion to compel.

### C. Whether There Is a Motion to Stay is Irrelevant Because Plaintiffs Have Not Met Their Burden Regarding Class Discovery.

Plaintiffs have failed to meet their burden of showing that the necessity of additional pre-certification class discovery outweighs the time and burden placed on the District in this case. Plaintiffs are therefore not entitled to the discovery until they make the showing required to prevail in this motion, or after class certification. There is nothing to stay because the Plaintiffs have not made discovery requests to which they are entitled.

### III. CONCLUSION

The District respectfully requests that the Court deny Plaintiffs motion to compel discovery for the reasons contained in the foregoing memorandum.

---

[17] Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 7.8 (4th ed. 2002) ("Ordinarily, affidavits and counter-affidavits, together with legal briefs, are sufficient to ready these issues for disposition by the court.").

Dated in Anchorage Alaska this ___ day of March, 2008.

JERMAIN DUNNAGAN & OWENS, P.C.
Attorneys for Anchorage School District

By: /s/ Bradley D. Owens
Bradley D. Owens, Esq.
Jermain Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
bradowens@jdolaw.com
Alaska Bar #7610122

Certificate of Service

This is to certify that on this 28th day of January, 2008, a true and correct copy of the foregoing was electronically mailed to:

Meg K. Allison

s/ Bradley D. Owens

3227.1186 -191359



LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

*M.H., et al. v. Anchorage School District*, Case No. 3:06-cv-00138 (TMB)
Opposition to Motion to Compel [Docket 40]                    Page 11 of 11