Bradley D. Owens, Esq.
Jermain Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
bradowens@jdolaw.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR ALASKA

| | |
|---|---|
| M.H., by his legal guardian, L.P.; A.D. by his legal guardian, J.N., and S.T. by his legal guardian, A.T., on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Anchorage School District,<br><br>                    Defendant. | Case No. 3:06-cv-00138 (TMB) |

### ANCHORAGE SCHOOL DISTRICT'S REPLY TO OPPOSITION TO MOTION TO DISMISS [Docket 35]

#### I.      INTRODUCTION

The three named plaintiffs claim the discipline imposed by the Anchorage School District ("District") on each of them, as well as the District's discipline policy itself, violate the Individuals with Disabilities Education Act ("IDEA") and/or Section 504 of the Rehabilitation Act ("Section 504"). The District has moved to dismiss these claims because plaintiffs failed to exhaust the administrative remedies under the IDEA, as required, or the claims have already

been resolved on the merits.  Plaintiffs have submitted an opposition to this motion, to which the District now files its reply.

The plaintiffs have opposed the District's motion on the grounds that it is really a motion for summary judgment; that they either have exhausted the IDEA remedies or, alternatively, are not required to do so; and these claims are not barred by *res judicata*, by either claim or issue preclusion.  However, these arguments are without merit and the District has established that plaintiffs' claims must be dismissed.

## II.   SUMMARY OF POINTS

First, plaintiffs have failed to fully disclose certain key facts, such as that plaintiff A.D. is no longer enrolled in or attending school in the District, as well as that the District has, with the full involvement and participation of plaintiffs' counsel, adopted a new discipline policy, particularly Appendix A-1 that applies to students with disabilities who are eligible for special education and related services.  Second, if this is a motion for summary judgment, plaintiffs have failed to adequately identify material facts that are genuinely at issue and which might preclude granting this motion.[1]  Rule 56(e)(2) FRCP.  Third, plaintiffs have not adequately exhausted the IDEA remedies available to them.  Fourth, if they have exhausted these remedies, the claims are nonetheless barred by *res judicata*.

---

[1] However, where a jurisdictional attack under Rule 12(b)(1) is factual in nature, a defendant may rely on affidavits and other evidence and the non-moving party is not entitled to any presumptions of truthfulness as to the allegations, and must come forward with evidence establishing jurisdiction. *R.K. v. Hayward Unified Sch. Dist.*, __ F.Supp.2d __, 48 IDELR 253 (N.D. Calif. 2007), at page 4 (a copy submitted herewith).  In addition, under a Rule 12(b)(6) motion, while the court must view the allegations in the light most favorable to the non-moving party, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn for the facts alleged. *Id.*, at page 5.

Reply Memorandum in Support of Motion to Dismiss
*M.H. et al. v. Anchorage School District*                                                                        Page 2 of 11
Case No. 3:06-cv-00138 (TMB)

1.   **A.D.'s status**.  A.D. is no longer enrolled or residing in the District.  While plaintiffs do note this, in passing in footnote 1 at page 5, they fail to acknowledge this renders the claims asserted in this action by A.D. moot.  *See M.P. v. Indep. Sch. Dist. 721*, 326 F.3d 975, 981 (8th Cir. 2003.)

2.   **Disclosures re: Discipline Policy Revisions**.  Plaintiffs fail to fully disclose and acknowledge that the District Discipline Policy, including specifically Appendix A-1 that applies to students with disabilities, was revised and modified by the District in April 2007.  Moreover, they fail to disclose and acknowledge that this revision of the Discipline Policy was done with the full participation and involvement of the Disability Law Center of Alaska, Inc., plaintiffs' counsel in this lawsuit.[2]  While it is unclear why this disclosure was not made, as a result of this revision of the Discipline Policy, the entire basis of this lawsuit is significantly undercut.

3.   **Exhaustion is required**.  As discussed below, the claims asserted by plaintiffs in this lawsuit require exhaustion under the IDEA.  Plaintiffs have failed to exhaust their IDEA remedies and these claims must be dismissed.

4.   ***Res judicata* bars the claims**.  Even if plaintiffs M.H. and A.D. have properly exhausted their IDEA administrative remedies, then the claims asserted in this action are barred by applicable claim and/or issue preclusion rules.

### III.   ARGUMENT

**A.   Exhaustion of IDEA remedies is required for these claims.**

The decision by the Ninth Circuit in the case of *Hoeft v. Tucson Unified School District*, 967 F. 2d 1298 (9th Cir. 1992), if not dispositive of the exhaustion requirement in this lawsuit,

---

[2]   *See* the report posted on the website of Disability Law Center of Alaska, Inc. at http://www.dlcak.org/news/index.htm#Discipline for information concerning the revisions to the Discipline Policy.

Reply Memorandum in Support of Motion to Dismiss
*M.H. et al. v. Anchorage School District*                                                                 Page 3 of 11
Case No. 3:06-cv-00138 (TMB)

provides clear direction that points to dismissal of these claims. That case, like this one, involved a putative class action. That case, like this one, sought declaratory and injunctive relief concerning the formal and informal policies and procedures utilized by the school district as applied to students with disabilities. That case alleged that the offending policies were of general applicability, as alleged in this case.[3] Nonetheless, since the IDEA included administrative appeal procedures that had to be pursued before seeking judicial relief, the court recognized that exhaustion was required. 967 F.2d at 1302. The court stated that in applying this exhaustion requirement and any exceptions, the important inquiry is "whether pursuit of administrative remedies under the facts of a given case will further the general purposes of exhaustion and the congressional intent behind the administrative scheme." 967 F.2d at 1303.

This inquiry, the court noted, embodies the notion that "agencies, not the courts, ought to have the primary responsibility for the programs that Congress has charged them to administer." *Id*. This is true because federal courts – generalists with no experience in the educational needs of disabled students – are given the benefit of expert fact-finding by a state agency devoted to this very task. *Id*. Indeed, exhaustion of the administrative process allows the educational agencies to "exercise discretion and educational expertise, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled students." *Id*.

When the *Hoeft* court considered the argument that exhaustion should not be required because the challenge concerned policies of the school district which "apply across the board to

---

[3] The policies and practices at issue on *Hoeft* involved extended school year under the IDEA, while the policy at issue here involves the discipline of students with disabilities.

Reply Memorandum in Support of Motion to Dismiss
*M.H. et al. v. Anchorage School District*                                                                                                      Page 4 of 11
Case No. 3:06-cv-00138 (TMB)

all children who require extended school year services to benefit their education," the court responded that "structuring a complaint as a challenge to policies, rather than as a challenge to an individualized education program formulated pursuant to these policies, however, does not suffice to establish entitlement to a waiver of the IDEA's exhaustion requirement." 967 F.2d at 1304. It went on to note that plaintiffs "must demonstrate in addition that the underlying purpose of exhaustion would not be furthered by enforcing the requirement." *Id*. The court found that the plaintiffs in that case failed to do so; this court should also find the plaintiffs in this lawsuit have similarly failed.

As in *Hoeft*, the plaintiffs here have not offered any evidence, or even allegation, of "statutory violations so serious and pervasive that basic statutory goals are threatened." *Id*. The alleged violations in this case "do not rise to a truly systemic level in the sense that the IDEA's basic goals are threatened on a system-wide basis." 967 F.2d at 1305. Moreover, in *Hoeft* the court rejected the argument, similar to that made by the plaintiffs here, that exhaustion is excused "automatically whenever a policy underlying an individual education program is challenged as unlawful." *Id*. It is only where questions of law are involved in determining the validity of a policy, as when the policy facially violates the IDEA, that exhaustion may be excused. *Id*. Although plaintiffs have made an allegation that the Discipline Policy facially violates the IDEA, they have offered no evidence nor any legal analysis to support that allegation.

In fact, when the claims in this action are carefully reviewed, they all involve questions that require fact-intensive individualized inquiries for each student to determine whether and how the Discipline Policy was applied in each particular instance when discipline was imposed. For example, whether any District administrator checked to see if a student was suspected of having a disability involves a fact-specific individualized inquiry. [Am. Complaint, ¶ 15]

Reply Memorandum in Support of Motion to Dismiss
*M.H. et al. v. Anchorage School District*                                                                            Page 5 of 11
Case No. 3:06-cv-00138 (TMB)

Similarly, whether an IEP or 504 team timely reviewed a student's behavior plan [¶ 15], or how a student's behavior plan "interacts" with the Policy [¶ 15], or whether appropriate notification of appeal and other rights occurred in specific disciplinary decisions [¶ 15], all involve individualized inquiries.

Thus, far from presenting purely legal issues, adjudicating the validity of the former Discipline Policy requires a fact-specific inquiry into the operation of that Policy in each individual case. These questions all involve whether the District violated the individual rights of each student under the IDEA – matters relating to the "educational placement of the child, or the provision of a free appropriate public education to such child" – the very substance of what the IDEA administrative procedure has been developed to enforce. 20 USC § 1415(b)(1)(E).[4] Since the relief sought by plaintiffs in this lawsuit involves "injuries that could be redressed to any degree by the IDEA's administrative procedures," they must exhaust administrative remedies before filing the lawsuit. *Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1163 (9th Cir. 2007) (*citing Robb v. Bethel Sch. Dist. # 403*, 308 F.3d 1047, 1050 (9th Cir. 2002).

Based on these principles and analysis, the claims of each of the plaintiffs in this lawsuit are subject to the IDEA administrative remedies. The failure of the plaintiffs to submit these particular claims to that process means each is required to exhaust those procedures before pursuing the claims before this court. This failure requires the dismissal of the claims in this action.[5] This requirement applies equally to all IDEA and Section 504 claims. 20 USC § 1415(*l*).

---

[4]   *See also* the discussion of J. Clifton in *Christopher v. Stanislaus County Office of Education*, 384 F.3d 1205, 1217-19 (9th Cir. 2004) concerning these same concerns raised in *Hoeft*.

[5]   Unquestionably, this applies to plaintiff S.T. who has never filed any administrative complaint at any time. *See Hoeft*, 967 F.2d at 1309. While the IDEA legislative history may suggest that the

Reply Memorandum in Support of Motion to Dismiss
*M.H. et al. v. Anchorage School District*                                                                                 Page 6 of 11
Case No. 3:06-cv-00138 (TMB)

**B.     *Res judicata* bars these claims.**

Prior to filing this lawsuit, plaintiffs M.H. and A.D. filed IDEA due process hearing requests against the District.  M.H.'s claims were largely rejected after a full due process hearing.  However, after he appealed, he settled his claims and dismissed his appeal with prejudice.  A.D. filed for a due process hearing but settled his claims prior to the start of the hearing. While he "reserved" the claims in this lawsuit, he received all the relief to which he was entitled under the law.  In addition, he has not pursued his due process rights as to any "reserved" claims.  The claims asserted by M.H. and A.D. in each of their due process hearing requests included claims based on the IDEA, as well as Section 504.

Plaintiffs agree that Alaska state law is applicable to these claims. In Alaska, a final judgment in a prior action bars a subsequent action if the prior judgment was (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties about the same cause of action. *Matanuska Elec. Ass'n v. Chugach Elec. Ass'n, Inc.*, 152 P.3d 460, 465 (Alaska 2007). In addition, the doctrine of collateral estoppel applies where (1) the party against whom preclusion is employed was a party to the first action, (2) the issue sought to be precluded is identical to the issue decided in the first action, (3) the issue was resolved in the first action by a final judgment on the merits, and (4) the determination of the issue was essential to the final judgment. *Id.* at 467-8.  These principles of finality apply to decisions by administrative agencies when, after case-specific review, the court finds the administrative decision resulted from a procedure that seems an adequate substitute for judicial

---

exhaustion requirement applies differently to class actions, insofar as *each* member need not exhaust before the suit is brought, that does not suggest that exhaustion is excused for *every* class member. *Id.* This seems particularly applicable to a named plaintiff who purports to be acting in a representative capacity but has never initiated, much less exhausted, his individual claims.

Reply Memorandum in Support of Motion to Dismiss
*M.H. et al. v. Anchorage School District*                                                                                Page 7 of 11
Case No. 3:06-cv-00138 (TMB)

procedure and it would be fair to accord preclusive effect to the administrative decision. *Id*. at 468.

**The claims of M.H.** Plaintiffs argue that the claims M.H. asserted in his due process request are not "identical" to the claims in this action. They assert that the IDEA and Section 504 claims under the due process request "dealt with M.H.'s individual disability and his right to a free appropriate public education," while the claims here involve the "District's discipline policy and practices as applied to all children with disabilities." However, review of the specific claims #5 through #7, as set out in footnote 4 at page 14, shows that the discipline policy and its application to M.H. were central to the hearing held under the IDEA administrative process. Claim #5 asserts that the District failed to hold a meeting after any disciplinary mater to determine under Section 504 any relationship between M.H.'s disability and the incidents resulting in the disciplinary suspensions. Claim #6 alleged the District failed to clearly indicate the length of M.H.'s suspension from the incidents at school that lead to the recommendation to expel him. And claim #7 asserts that the District failed to notify the parents of their specific rights to contest the disciplinary action through the due process system, particularly before any change in his placement. Each of those claims asserts the same general claims alleged here in ¶ 15 of the Amended Complaint.[6] The decision issued by the hearing officer shows each of these claims was submitted, considered, and decided.

**The claims of A.D.** Similarly, plaintiffs make the same argument concerning the claims of A.D. Even if these claims are properly before the court, despite the fact that A.D. is no longer

---

[6] Without any analysis or citation to any authority, plaintiffs assert the factual findings made by the hearing officer in the M.H. due process hearing "do not have preclusive effect where the claims under analysis were not the same as those raised" in this lawsuit. Plainly, that conclusory assertion warrants little weight or value in light of the evidence before the court.

Reply Memorandum in Support of Motion to Dismiss
*M.H. et al. v. Anchorage School District*                                                                                    Page 8 of 11
Case No. 3:06-cv-00138 (TMB)

enrolled in or attending school in the District, the same analysis of his claims results in the same conclusion as that for M.H. A.D. raised eight claims in his due process hearing request, as described in footnote 5 at page 21. Those included #7, which alleged a failure to hold a meeting after any disciplinary matters to determine under Section 504 any relationship between the disability and the incidents resulting in the discipline. Similarly, #8 asserts the District failed to notify the parents of their specific rights to contest the disciplinary action through the due process system, particularly before any change in his placement.[7] As with M.H., each of those claims asserts the same general claims alleged here in ¶ 15 of the Amended Complaint.

**The settlement agreements.** Finally, plaintiffs argue that the settlement agreements entered into by M.H. and A.D. do not bar this lawsuit. For M.H., having settled his claims by dismissing his appeal with prejudice, he cannot avoid the preclusive impact of the findings of fact and decision issued by the hearing officer concerning his challenge of his suspensions under the Discipline Policy. It makes no difference whether the settlement agreement expressly addressed the District Discipline Policy; it is sufficient that the claims asserted in both proceedings involved the same discipline issues. In the same manner, the mere "reservation of rights" by the A.D. in the settlement agreement concerning "the claims regarding ASD's discipline policies raised by A.D." in this lawsuit does not change the fact that he expressly has resolved all his individual claims concerning application of the Discipline Policy to him.[8]

### IV. CONCLUSION

---

[7] It is not likely a mere coincidence that the allegations made in each of the administrative due process complaints by these two plaintiffs are remarkably similar.

[8] Plaintiffs' argument that the settlement agreement is "merely an affirmative defense," under the *R.K.* decision, supra, fails to acknowledge the court's determination in that case that the action would be dismissed for lack of subject matter jurisdiction based on the failure to exhaust the administrative procedures where the issue concerns the scope or breach of an IDEA settlement agreement. 48 IDELR 253, at page 7.

Reply Memorandum in Support of Motion to Dismiss
*M.H. et al. v. Anchorage School District*                                            Page 9 of 11
Case No. 3:06-cv-00138 (TMB)

Each of three named plaintiffs in this putative class action is or has been a student within the Anchorage School District, and each does or has received special education services. Each of these students also has been subject to discipline at various times by the District for various offenses, and now claims that the discipline imposed, as well as the discipline policy itself, violates the IDEA and/or Section 504. However, these are claims for which exhaustion of remedies is required, or which have been resolved on the merits. Therefore, based on the allegations in the Amended Complaint and the arguments presented in this motion, the District respectfully requests this court to dismiss plaintiffs' claims for failure to state any claims for which relief can be granted, or bar the claims under *res judicata*.

Dated in Anchorage Alaska this 15th day of March 2008.

JERMAIN DUNNAGAN & OWENS, P.C.
Attorneys for Anchorage School District

By: /s/ Bradley D. Owens
Bradley D. Owens
Jermain Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
bradowens@jdolaw.com
Alaska Bar #7610122

/s/ Cheryl Mandala
Cheryl Mandala
Jermain Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Telephone: (907) 563-8844
Facsimile: (907) 563-7322
cmandala@jdolaw.com
Alaska Bar #0605019

Reply Memorandum in Support of Motion to Dismiss
*M.H. et al. v. Anchorage School District*                                                Page 10 of 11
Case No. 3:06-cv-00138 (TMB)

Certificate of Service

I hereby certify that on March 17th a copy of
ASD's Reply Memorandum in Support of
Motion to Dismiss was served via the
Electronic Court Filing System on:

Meg K. Allison
malison@dlcak.org


/s/ Bradley D. Owens

3227.1186 - 191981

Reply Memorandum in Support of Motion to Dismiss
*M.H. et al. v. Anchorage School District*                                                                                   Page 11 of 11
Case No. 3:06-cv-00138 (TMB)