Meg K. Allison (AK Bar No. 0511091)
Jacob Kammermeyer, Esq. (AK Bar No. 0506043)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Plaintiffs
Email: mallison@dlcak.org
       jakekammermeyer@yahoo.com

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| M.H., by his legal guardian, L.P.; )<br>A.D. by his legal guardian, J.N.,  and )<br>S.T. by his legal guardian, A.T., on )<br>Behalf of themselves and All Others )<br>Similarly Situated, )<br>  )<br>           Plaintiffs, )<br>v. )<br>  )<br>Anchorage School District, )<br>  )<br>           Defendant. ) | Case No. 3:06-cv-00138 |

### STUDENTS' REPLY
### TO THE DISTRICT'S OPPOSITION TO MOTION TO COMPEL

Students rightfully seek discovery on issues of class certification, in addition to electronic discovery that is wholly unaddressed in Defendant Anchorage School District's ("District") Opposition to Motion to Compel ("Opposition").  The District's Opposition relies largely on one argument, mischaracterizing Students' discovery as merits-based rather than properly recognizing the discovery as relevant to class certification.  This argument fails to recognize the nature and necessity of Students' requests.  With respect to Students' discovery requests for named Plaintiff A.D., the

*M.H. et al. v. Anchorage School District*                                                                      Page 1 of 8
Students' Reply to Motion to Compel
3:06-cv-00138 (TMB)

District further misstates the facts. The District claims it has produced all of A.D.'s records despite the fact that A.D.'s family possesses records that have never been produced and Students can accordingly confidently state that the District has not produced all records. All of the Students' discovery requests are relevant and compliance therewith should be compelled because: (1) the District has still not provided any basis for its refusal to provide information in electronic format; (2) the District has not produced all of named Plaintiff A.D.'s educational records; and (3) the Students' remaining discovery request are related to and necessary for class certification.

I. **The District has still offered no valid objections to Plaintiffs' request for production in electronic format.**

Students' electronic discovery requests are wholly unaddressed in the District's Opposition. *See, generally,* Docket No. 51. As discussed in Students' Motion to Compel, the District's objections on grounds of relevance are unreasonable where it has already produced the information in another format. The District has not attempted to show that the information is not reasonably accessible, as is its burden under the Federal Rules. *See* Fed. R. Civ. P. 26(b)(2)(B). Nor has the District stated any objection to the form of the request. *See* Fed. R. Civ. P. 34(b)(2)(D). The District has failed to comply with Students' Third Request and offered no valid objections thereto. An Order compelling performance is therefore proper.

II. **Contrary to the District's statements otherwise, it has not produced all of A.D.'s educational records.**

The only materials produced by the District regarding A.D. in conjunction with this matter are those documents produced in its initial disclosures. However, these records do not appear to be the complete educational record for A.D. as they do not

*M.H. et al. v. Anchorage School District*  
Students' Reply to Motion to Compel  
3:06-cv-00138 (TMB)  
Page 2 of 8

contain all of the correspondence[1] regarding A.D. from 2005-2006 school through present, including emails from Ms. Noe to school personnel and emails between school personnel regarding A.D. Students requested this type of information in their Second Discovery Request and they have reason to believe correspondence exists. Likewise, records from the 2005-2006 school year, such as the SMS—Discipline Module—Discipline Report, a Report Card from Benny Benson Secondary for 3rd Quarter, an April 3, 2006 suspension notice from Benny Benson Secondary, and a Student Transcript for Benny Benson Secondary through the 3rd Quarter of the 2005-2006 school year, do not appear to have been produced in the initial disclosures. These records would have been created during the 2005-2006 school year or after and are therefore covered by Students' discovery request. Accordingly, the District should be compelled to produce these records.

### III. All of Students' remaining discovery requests bear directly on questions of class certification and are accordingly proper.

All of Students' remaining discovery requests are directly relevant and necessary to questions of class certification. Discovery produced to date, while voluminous, has been largely unresponsive. For example, in response to requests for disciplinary policies regarding the Individuals with Disabilities Education Act, the District produced several identical copies of training materials not related to special education and unresponsive to the request. Students' specific requests for information regarding disciplinary manuals, programs, and policies go directly towards establishing that all of the District's students

---

[1] Under the Family Education Records Protection Act of 1974 ("FERPA") educational records are defined to include those records that are: directly related to a student; and maintained by an educational agency or institution or by a party acting for the agency or institution. 34 C.F.R. § 99.3.

*M.H. et al. v. Anchorage School District*                                                            Page 3 of 8
Students' Reply to Motion to Compel
3:06-cv-00138 (TMB)

with disabilities have been subjected to or may be subject to the same manner of discipline as the named plaintiffs. The District's assertions otherwise fail to recognize valid questions of class certification for which discovery is not only necessary, but routinely allowed. *Kamm v. California City Development Co.*, 509 F.2d 205, (9th Cir. 1975) ("The propriety of a class action cannot be determined in some cases without discovery, as for example, where discovery is necessary to determine the existence of a class or set of subclasses.").

    A.    <u>Students need to assess the District's disciplinary treatment of the named plaintiffs as compared to its disciplinary treatment of other disabled students within the district.</u>

Students need each of the requested items of discovery in order to establish commonality and typicality of class issues. Students' discovery requests all seek documentation of the District's disciplinary policies and programs and documentation of the District's implementation of those policies and programs. Prior submissions detail these requests. *See* Docket No. 41, pg. 6; and Docket No. 42, Ex. A. Students know some of the circumstances and details surrounding the suspensions of the named plaintiffs. These facts were developed in prior administrative proceedings. However, in these administrative proceedings, neither M.H. nor A.D. were allowed to conduct discovery as to the discipline policies and procedures at issue in this matter and upon which the District may have relied upon in the disciplinary actions taken against M.H. and A.D.

For the first time, Students have learned through the District's responses to Students' discovery requests of additional system wide disciplinary policies and procedures beyond the school board's discipline policy. In order to establish a class,

*M.H. et al. v. Anchorage School District*    Page 4 of 8
Students' Reply to Motion to Compel
3:06-cv-00138 (TMB)

Students will need to show that there are questions of law or fact common to the class and the claims of the named plaintiffs are typical of the claims of the class. Fed. R. Civ. P. 23(a). In order to do so, Students need to know what disciplinary policies were in place at what time to determine whether or not the District acted consistent with its stated policies and programs with respect to other disabled students within the district, and then compare the District's treatment of other students with disabilities to its treatment of the named plaintiffs.

Discovery into certification issues is allowable, and, as is the case in this instance, often necessary. *Kamm*, 509 F.2d at 210; *see also Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001) ("The district court may permit discovery to determine whether class certification is appropriate."). Furthermore, Students' requests are far from excessive. The District's own Opposition directs the Court to an example of sweeping discovery. The Fifth Circuit declined to enforce a discovery request that would result in "millions of pages of documents" related to "every aspect of life in the jails of Mississippi's 82 counties." Docket No. 51, pg. 5 (quoting *Stewart v. Winter*, 669 F.2d 328, 331-332 (5th Cir. 1982)). Compared to the millions of pages of broad discovery that concerned the Fifth Circuit, Students only seek discovery on focused issues that to date have resulted in less than 10,000 pages of largely unresponsive documents. In light of Students' reasonable requests, each of which seeks documents needed to establish a class, the District has no grounds for declining to comply with the Students' discovery requests. An order compelling compliance is accordingly proper.

*M.H. et al. v. Anchorage School District*  
Students' Reply to Motion to Compel  
3:06-cv-00138 (TMB)

Page 5 of 8

      B.     <u>None of the materials the District has produced to date allow Students to make the necessary comparison between the named plaintiffs' claims and the class members' claims.</u>

All of Students' Second Requests were derived from references in the District's responses to interrogatories and the Students' first set of discovery. As detailed above, each of these discovery requests is directly relevant to questions of class certification. The District has not produced any of this information. To the extent the District thinks it has produced any of these documents, the Students invited the District to identify these items by bates stamp page number in the materials already produced. This request reflects Students' willingness to give the District the benefit of the doubt, and not a failure by Students to review documents produced to date as suggested by the District. Docket No. 51, pg. 8. Indeed, the District did not object to any of the Students' Second Requests on grounds that those requests were duplicative, suggesting that Students did not overlook the materials but that the documents were never produced in the first place.

      C.     <u>Any usefulness of the requested discovery towards the merits of class claims is natural in a complex class certification and does not offer grounds for denying Students' requests.</u>

The District's Opposition dedicates significant space to the distinction between merits discovery and certification discovery, selectively quoting at length from a number of treatises while ignoring those sources' further recognition that a distinction between the two is not always discernable. Docket No. 51, pgs. 4-7. For example, immediately following the original source material for the first of two block quotes[2] the District included in its opposition from the <u>Manual for Complex Litigation, Fourth</u> is the

---

[2] The District's second quote from the *Manual for Complex Litigation Fourth* was mistakenly attributed in its Opposition Motion to an Eleventh Circuit decision. *See* Docket No. 51, pg. 5 n.7.

*M.H. et al. v. Anchorage School District*                                                           Page 6 of 8
Students' Reply to Motion to Compel
3:06-cv-00138 (TMB)

observation that: "There is not always a bright line between the two. Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification." Federal Judicial Center, Manual for Complex Litigation, Fourth § 21.14 (2004). The District similarly relies heavily on observations from Newberg on Class Actions, but ignores that treatise's observation that: "Discovery on the merits should not normally be stayed pending so-called class discovery, because class discovery is frequently not distinguishable from merits discovery, and classwide discovery is often necessary as circumstantial evidence even when the class is denied." Alba Conte & Herbert Newberg, Newberg on Class Actions § 7:8 (4th ed. 2002). Courts have joined commentators in this observation that the merits of a case and certification are often enmeshed. *See e.g. Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.12 (1978) ("Evaluation of many of the questions entering into determination of class action questions is intimately involved with the merits of the claims.") (quoting 15 Charles Wright et al., Federal Practice and Procedure § 3911 (1976)).

The extent Students' class certification discovery requests are additionally relevant to the merits of Students' claims is merely a consequence of complicated questions of law and fact typical of class actions. It is hardly fatal to Students' pre-certification discovery requests.

**IV.   Conclusion.**

For the foregoing reasons, this Court should order ASD to answer Students' Second and Third Discovery Requests fully and without further delay.

*M.H. et al. v. Anchorage School District*  
Students' Reply to Motion to Compel  
3:06-cv-00138 (TMB)

Page 7 of 8

Dated: March 19, 2008    Respectfully submitted,

 /s/ Meg K. Allison
Meg K. Allison (AK Bar No. 0511091)
Jacob Kammermeyer, Esq. (AK Bar No. 0506043)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Plaintiffs
Email:  mallison@dlcak.org
        jakekammermeyer@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2008 a copy of the foregoing document was served electronically via ECF on:

Brad Owens
bradowens@jdolaw.com
Cheryl Mandala
cmandala@jdolaw.com

/s/ Meg K. Allison
Meg K. Allison

*M.H. et al. v. Anchorage School District*
Students' Reply to Motion to Compel
3:06-cv-00138 (TMB)

Page 8 of 8