Meg K. Allison, Esq. (AK Bar No. 0511091)
Jacob Kammermeyer (AK Bar No. 0506043)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Plaintiff
Email: mallison@dlcak.org
          jakekammermeyer@yahoo.com

## IN THE UNITED STATES DISTRICT COURT

## FOR ALASKA

| | |
|---|---|
| M.H., by his legal guardian, L.P.; <br> A.D. by his legal guardian, J.N., and <br> S.T. by his legal guardian, A.T., on <br> Behalf of themselves and All Others <br> Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> Anchorage School District, <br><br> Defendant. | Case No. 3:06-cv-00138 <br><br> Class Action |

### REPLY TO ANCHORAGE SCHOOL DISTRICT'S OPPOSITION TO MOTION TO STRIKE UNRESPONSIVE PLEADING

### INTRODUCTION

The Anchorage School District (the "District") now asserts in its opposition that the its raising the issue that A.D.'s claims are moot and the existence of a new Disciplinary Policy were responsive to Students' opposition to the District's motion to dismiss at Docket No. 35. However, the District simply tries to recast is failure to bring forward its now belatedly raised arguments as an admission by the Students. Consequently, because the District failed to raise any argument that A.D.'s claims are now moot or argue there is any significance to a new

*M.H. et al. v. Anchorage School District*                                                                Page 1 of 4
Students' Reply to Motion to Strike Unresponsive Pleading
3:06-cv-00138 (TMB)

Disciplinary Policy being in effect, the Court should disregard those references in its reply brief to the motion to dismiss at Docket No. 53.

### I. THE DISTRICT DID NOT RAISE THE ISSUE OF A.D.'S CLAIMS BEING MOOT.

The District tries to use a passing reference to A.D. no longer being in a student in the District as sufficient basis for now arguing A.D.'s claims are moot. Docket No. 56, pg. 2. However, whether there is any significance to A.D. no longer being a student in the District was not addressed by the District in its motion to dismiss. In fact, the District only raised two theories for why A.D.'s claims should be dismissed: first, that he had failed to exhaust administrative remedies; and second, that A.D.'s claims were res judicata by the execution of a resolution agreement. Docket No. 36, pgs. 9, 10. Because these were the arguments raised by the District in its motion to dismiss, these were the arguments addressed by the Students in their opposition. Docket No. 46, pgs. 4, 13. Finally, since the District did not request the Court dismiss A.D.'s claims as being moot, for the District to raise that proposition in reply for the first time significantly prejudices the Students case by not giving them any opportunity to respond to that argument. As such, the Court should strike those portions of the District's reply to the motion to dismiss regarding the District's argument that A.D.'s claims are now moot.

### II. THE EFFECT OF THE NEW DISICPLINARY POLICY WAS NEVER MENTIONED IN THE DISTRICT'S MOTION TO DISMISS.

The District tries to cast the Students in an unsavory light for not raising what effect the new Disciplinary Policy may have on the claims in the current litigation. Docket No. 56, pg. 2. However, the Students in their opposition to the District's motion to dismiss were simply responding to those arguments presented in the motion. The District did not raise any issues that a new Disciplinary Policy has any effect on Students' claims. The District's motion to dismiss

*M.H. et al. v. Anchorage School District*   Page 2 of 4
Students' Reply to Motion to Strike Unresponsive Pleading
3:06-cv-00138 (TMB)

was limited to requesting dismissal under the theories of failure to exhaust administrative remedies and res judicata.  *See* Docket No. 35, generally.  Further, the District requested no relief from the Court based on the existence of a new Disciplinary Policy, but simply states that it significantly impacts this lawsuit without providing any argument or legal authority or request any relief from the Court.  Docket No. 53, pg. 3.  Because the District failed to provide any notice or argument in its motion to dismiss that it believes the existence of a new Disciplinary Policy would have any effect on this litigation.  The Students were not aware of any issue and therefore unable to address in their opposition to the motion to dismiss whatever issue the District seems to be raising in its reply brief for the first time.

Moreover, the Students were not making any implication in their opposition to the motion to dismiss that the Discipline Policy discussed was in fact only the one in place at the inception of the current litigation.  The Students opposition specifically addresses the broader issue of legality of the District's disciplinary policy and procedures as applied to children with disabilities in the context of the arguments raised in the District's motion to dismiss, which specifically dealt only with the named plaintiffs.  Docket No. 46, generally.  Therefore, the District's belated arguments about the existence of a new Disciplinary Policy are simply an attempt to raise a separate argument it failed to raise in its motion to dismiss.

Accordingly, the Court should disregard the District's late references to the existence of a new Disciplinary Policy as being unresponsive to Student's opposition to the motion to dismiss.

**CONCLUSION**

*M.H. et al. v. Anchorage School District*  Page 3 of 4
Students' Reply to Motion to Strike Unresponsive Pleading
3:06-cv-00138 (TMB)

The Court should order that those portions of the District's reply to the motion to dismiss concerning whether A.D.'s claims are moot and any effect a new Disciplinary Policy may have on this action be stricken as unresponsive to the Students' opposition to the motion to dismiss. In the alternative, if the Court does not strike those motions of the District's reply, order that the Students may file a surreply to the motion to dismiss to address the newly raised arguments.

Dated: March 27, 2008            Respectfully submitted,

/s/ Meg K. Allison
Meg K. Allison (AK Bar No. 0511091)
Jacob Kammermeyer (AK Bar No0506043)
DISABILITY LAW CENTER of ALASKA
3330 Arctic Blvd., Ste. 103
Anchorage, AK   99503
Telephone: (907) 565-1002
Fax: (907) 565-1000
Email: mallison@dlcak.org
           jakekammermeyer@yahoo.com

Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2008
A copy of the foregoing document was served
Electronically via ECF on:

Brad Owens
bradowens@jdolaw.com

Cheryl Mandala
cmandala@jdolaw.com

/s/ Meg K. Allison
Meg K. Allison

*M.H. et al. v. Anchorage School District*                                                                        Page 4 of 4
Students' Reply to Motion to Strike Unresponsive Pleading
3:06-cv-00138 (TMB)